United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON VINES, | No. C 10-1329 JL |
| Plaintiff, | |
| v. | ORDER REFERRING CASE FOR REASSIGNMENT |
| LINDA SPECHT, et al., | |
| Defendants. / | |

Plaintiff filed an Application to file his complaint in forma pauperis, "IFP," without paying the filing fee of $350. Such an application is governed by 28 U.S.C. §1914 and 1915, which provide:

"The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a). In the alternative, "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Id.* at § 1915(d). This allows the court to review prior to service all claims brought pursuant to section

1915(d) and dismiss those claims that are frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court examined Plaintiff's affidavit and finds that he satisfies the indigence prong of §1915. He has $700 in monthly income from Social Security benefits and $700 in monthly expenses, so he is unable to pay the $350 filing fee.

However, Plaintiff's claim is factually frivolous. He alleges that his doctor at Kaiser Permanente in Vallejo, Dr. Linda Specht, has placed a computer chip in his left knee in 2004, as well as placing other chips in the bodies of individuals who died as a result and he fears that he himself will die. He says the computer chip in his knee has cords and the cords touch his brain. He repeats several times that placing such chips constitutes premeditated murder. He claims the cords stop his breath, preventing him from talking, are saying they are going to kill him, and are making him hit himself in the face. He asks the Court to run a "visual and audio cyber.net" image of his body to verify the placement of the computer chips and after that to award him millions or even billions of dollars in damages.

**Dismissal Under 28 U.S.C. § 1915(d)**

Once a claim is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. *See* 28 U.S.C. §1915(e)(2); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

Dismissal for frivolousness prior to service under section 1915 (d) is appropriate where no legal interest is implicated: where a claim is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990) (per curiam).

While the facts alleged in a complaint should generally be accepted as true for purposes of entering a judgment on the pleadings, clearly baseless factual contentions may be dismissed as frivolous under section 1915. *Denton v. Hernandez,* supra, 504 U.S. at 32.

1  Section 1915(d) also accords judges the unusual power to pierce the veil of the complaint's
2  factual allegations and dismiss those claims whose factual contentions are clearly
3  baseless.  *Denton*, *Id.* at 31.  Examples are claims describing fantastic or delusional
4  scenarios with which federal district judges are all too familiar.  To pierce the veil of the
5  complaint's factual allegations means that a court is not bound, as it usually is when
6  making a determination based solely on the pleadings, to accept without question the truth
7  of the plaintiff's allegations.  But, this initial assessment of the IFP plaintiff's factual
8  allegations must be weighted in favor of the plaintiff.  A frivolousness determination cannot
9  serve as a fact-finding process for the resolution of disputed facts.  A finding of factual
10 frivolousness is appropriate when the facts alleged rise to the level of the irrational or the
11 wholly incredible, whether or not there are judicially noticeable facts available to contradict
12 them.  *Id.*  But the complaint may not be dismissed simply because the court finds the
13 plaintiff's allegations unlikely or improbable.  *Id.* at 32-33.
14         In this case, there is no possible conclusion except that Plaintiff is delusional, and
15 on that basis his application to file IFP should be denied as his Complaint is wholly factually
16 frivolous. However, Plaintiff has not consented to the jurisdiction of this Court under 28
17 U.S.C. §636(c) and therefore this Court cannot deny his application. *Tripati v Rison*, 847
18 F2d 548 (9th Cir. 1988). Accordingly, the matter is hereby referred for reassignment, with
19 the recommendation that Plaintiff's IFP application be denied, and his Complaint dismissed
20 with prejudice prior to service.
21         IT IS SO ORDERED.
22 DATED: April 1,   2010

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIVIL\10-1329. REF-REASSIGN.wpd